

1  JOHN L. BURRIS (SBN #69888)
   ADANTÉ DE POINTER (SBN 236229)
2  LAW OFFICES OF JOHN L. BURRIS
   7677 Oakport Street, Suite 1120
3  Oakland, California 94621
   (510) 839-5200; FAX (510) 839-3882
4  Email: john.burris@johnburrislaw.com

5  JAMES B. CHANIN (SBN# 76043)
   JULIE M. HOUK   (SBN# 114968)
6  Law Offices of James B. Chanin
   3050 Shattuck Avenue
7  Berkeley, California 94705
   (510) 848-4752; FAX: (510) 848-5819
8  Email: jbcofc@aol.com

9  Attorneys for Plaintiffs

10              UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12  ESTATE OF "JODY" MACK MILLER          )   CASE NO. C08-04148 JCS
    WOODFOX; JANICE COLLINS;  M.W., a     )
13  minor, by and through his guardian ad litem, )   COMPLAINT FOR DAMAGES
    KARINA SANDERS; J.W., a minor, by and )      (Violation of Civil Rights,
14  through his guardian ad litem, AISHA   )   42 U.S.C. Section 1983; Wrongful Death)
    NALLS; J'B. P., a minor, by and through his )
15  guardian ad litem, SHAMILIA SMART,    )      JURY TRIAL DEMANDED
                                          )
16       Plaintiffs,                      )
                                          )
17  vs.                                   )
                                          )
18  CITY OF OAKLAND, HECTOR JIMENEZ,      )
    individually and in his capacity as a police )
19  officer for the City of Oakland; DOES 1-20, )
    inclusive,                            )
20       Defendants.                      )
                                          )
21  _____  )

22

23              COMPLAINT FOR DAMAGES

24                        1

## JURISDICTION AND VENUE

1. This complaint alleges violations of the constitutional rights of "JODY" MACK MILLER WOODFOX, deceased, his mother and children. The complaint seeks remedies pursuant to 42 U.S.C. Sections 1983, 1985-1986. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331 and 1343.

## INTERDISTRICT ASSIGNMENT

2. The acts and/or omissions giving rise to plaintiffs' claims occurred within the City of Oakland, County of Alameda, California. Therefore, venue is proper in the Northern District of California, San Francisco and/or Oakland Divisions pursuant to Local Rule 3-2(d).

## PARTIES

3. "JODY" MACK MILLER WOODFOX, an African American male, was shot and killed by Defendant City of Oakland Police Officer, HECTOR JIMENEZ or DOE 1. "JODY" MACK MILLER WOODFOX was not married at the time of his death and died without leaving a will. To the extent that this action seeks to recover damages for the violation of rights personal to "JODY" MACK MILLER WOODFOX, this action is maintained on behalf of the ESTATE OF"JODY" MACK MILLER WOODFOX by his successors in interest, M.W., a minor, by and through his guardian ad litem, KARINA SANDERS; J.W., a minor, by and through his guardian ad litem, AISHA NALLS; J'B. P., a minor, by and through his guardian ad litem, SHAMILIA SMART. Said plaintiffs are persons with standing to bring the within action pursuant to California Code of Civil Procedure Sections 377.30 and 377.60 and California Probate Code Section 6402.

COMPLAINT FOR DAMAGES

2

1    4.  Plaintiff JANICE COLLINS is the natural mother of "JODY" MACK MILLER

2  WOODFOX. JANICE COLLINS brings this action in her personal capacity for the violation

3  of her rights under the United States Constitution.

4    5.  Plaintiff M.W., a minor, is the child of "JODY" MACK MILLER WOODFOX,

5  and brings this action in his personal capacity for the violation of his rights under the United

6  States Constitution and as successor in interest to the ESTATE OF "JODY" MACK MILLER

7  WOODFOX, by and through his guardian ad litem, KARINA SANDERS.

8    6.  Plaintiff J.W., a minor, is the child of "JODY" MACK MILLER WOODFOX,

9  and brings this action in his personal capacity for the violation of his rights under the United

10  States Constitution and as successor in interest to the ESTATE OF "JODY" MACK MILLER

11  WOODFOX, by and through his guardian ad litem, AISHA NALLS

12    7.  Plaintiff J'B. P., a minor, is the child of "JODY" MACK MILLER

13  WOODFOX, and bring this action in his personal capacity for the violation of his rights under

14  the United States Constitution and as successor in interest to the ESTATE OF "JODY" MACK

15  MILLER WOODFOX, by and through his guardian ad litem, SHAMILIA SMART.

16    8.  Defendant CITY OF OAKLAND was at all times mentioned herein, a

17  municipal corporation duly organized and existing under the laws of the State of California.

18    9.  Defendant HECTOR JIMENEZ (hereinafter Defendant JIMENEZ) or DOE 1

19  was at all times herein mentioned, a Police Officer for Defendant CITY OF OAKLAND and is

20  sued herein in his individual and official capacities.

21    10. Plaintiffs are ignorant of the true names and/or capacities of defendants sued

22  herein as DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious

23                         COMPLAINT FOR DAMAGES

24

3

1  names. Plaintiffs will amend this complaint to allege their true names and capacities when

2  ascertained. Plaintiffs are informed and believe, and upon such information and belief allege

3  that each of the Doe defendants is legally responsible and liable for the incident, injuries and

4  damages hereinafter set forth, and that each of said defendants proximately caused said

5  incidents, injuries and damages by reason of their negligence, breach of duty, negligent

6  supervision, management or control, battery, violation of constitutional rights, violation of

7  public policy, or by reason of other personal, vicarious or imputed negligence, fault, or breach

8  of duty, whether severally or jointly, or whether based upon agency, employment, ownership,

9  entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask

10  leave to amend this complaint to insert further charging allegations when such facts are

11  ascertained.

12      11. In doing the acts alleged herein, Defendants, and each of them, acted within the

13  course and scope of their employment for the CITY OF OAKLAND.

14      12. In doing the acts and/or omissions alleged herein, Defendants, and each of

15  them, acted under color of authority and/or under color of law.

16      13. In doing the acts and/or omissions alleged herein, Defendants, and each of

17  them, acted as the agent, servant, employee and/or in concert with each of said other

18  Defendants herein.

19                                    **STATEMENT OF FACTS**

20      14. On or about the late evening/early morning of July 24-25, 2008, Plaintiffs are

21  informed and believe and thereon allege that Oakland Police Officer, Defendant HECTOR

22  JIMENEZ and/or DOE 1 shot and killed "JODY" MACK MILLER WOODFOX (hereinafter,

23                              COMPLAINT FOR DAMAGES

24

1    "the decedent") following a vehicle stop in the vicinity of East 17th Street and Fruitvale

2    Avenue in Oakland, California.

3         15. Plaintiffs are further informed and believe and thereon allege that Defendant

4    JIMENEZ and/or DOE 1 shot the decedent approximately three times in the back while he was

5    unarmed and was not posing and threat of deadly force or serious bodily harm to the officer(s)

6    and/or to anyone else.

7         16. Plaintiffs are further informed and believe and thereon allege that no gun or

8    weapon of any kind was found to be in the possession of the decedent after he was shot and

9    killed.

10         17. Plaintiffs are further informed and believe and thereon allege that the use of

11    force, including the use of deadly force, by Defendant JIMENEZ or DOE 1 caused the

12    violation of decedent's rights and the personal rights of the Plaintiffs under the United States

13    Constitutions.

14         18. Plaintiffs are further informed and believe and thereon allege that they and the

15    decedent suffered the violation of their/his constitutional rights as a result of customs, policies,

16    or practices of Defendants CITY OF OAKLAND and/or DOES 11-20, and/or each of them,

17    individually and/or while acting in concert with one another, including, but not limited to,

18    customs, policies or practices which encouraged, ratified, authorized or condoned the use of

19    excessive force which foreseeably resulted in the violation of the rights of the decedent and/or

20    plaintiffs; customs, policies and/or practices of inadequate and/or inappropriate training in the

21    use of deadly force and/or in handling situations such as occurred in this case; customs,

22    policies and/or practices of conducting searches and/or seizures in violation of the United

23                        COMPLAINT FOR DAMAGES

24

1    States Constitution; customs, policies and/or practices of inadequate and/or inappropriate

2    supervision, control and/or discipline with respect to the use of force; customs, policies and/or

3    practices of subjecting young African American males in Oakland to unnecessary and

4    excessive force, unreasonable seizures and/or disparate and/or discriminatory treatment

5    because of their race, gender and/or age, and/or other customs, policies and practices that

6    caused and/or contributed to the cause of the violation of the constitutional rights and/or other

7    wrongful conduct that occurred in this case subject to continuing discovery.

8           19. Plaintiffs are further informed and believe and thereon allege that Defendants

9    CITY OF OAKLAND, DOES 11-20 and/or each of them, tacitly or directly ratified, approved

10   and/or condoned the shooting of the decedent and the violation of the Plaintiffs' constitutional

11   rights and/or failed to take any or appropriate remedial action in response to this incident

12   despite the serious nature of the incident and the loss of life that occurred.

13          20. Plaintiffs are further informed and believe and thereon allege that prior to the

14   subject incident, Defendant CITY OF OAKLAND and/or Does 11-20 and/or each of them,

15   knew, or reasonably should have known, that Defendant JIMENEZ and/or DOE 1 lacked

16   appropriate and/or sufficient training and/or supervision in the use of deadly force and had

17   resorted to the use of excessive and/or deadly force previously, including, but not limited to,

18   during and incident in which he shot and killed an unarmed individual on or about December

19   31, 2007.

20          21. Plaintiffs are further informed and believe and thereon allege that despite said

21   prior knowledge of the use of deadly force against an unarmed individual by Defendant

22   JIMENEZ and/or DOE 1, Defendant CITY OF OAKLAND and/or Does 11-20 and/or each of

23                          COMPLAINT FOR DAMAGES

24

them, said Defendants ratified and/or approved of the use of deadly force by Defendant JIMENEZ or DOE 1 and/or failed to take any or appropriate remedial action to prevent Defendant JIMENEZ and/or DOE 1 from using excessive force and/or excessive deadly force before the subject incident.

### STATEMENT OF DAMAGES

22. As a result of this incident, Plaintiffs, and each of them, sustained damages, and will sustain in the future damages, including, but not limited to, damages for the violation of their right to the familial association with the decedent, loss of the society, comfort, affection, association and support of the decedent; funeral, medical, burial and/or other damages to be determined according to proof.

23. The minor Plaintiffs, who are the successors in interest to the decedent, may also be entitled to recover damages for the loss of life suffered by the decedent as a result of the subject incident, punitive damages and/or other damages in amounts to be determined according to proof.

24. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of Defendants JIMENEZ or DOES 1-20 and/or each of them, were, or may have been, intentional, malicious, oppressive and/or done with a conscious or callous disregard for the safety and/or constitutional rights of the decedent and/or Plaintiffs which may thereby justify an award of punitive or exemplary damages in amounts to be determined according to proof.

COMPLAINT FOR DAMAGES

25. Plaintiffs will also be entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985-86, and 1988.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. SECTION 1983)
(PLAINTIFFS M.W., J.W., AND J'B. P., AS SUCCESSORS IN INTEREST TO THE DECEDENT "JODY" MACK MILLER WOODFOX AGAINST DEFENDANTS HECTOR JIMENEZ AND/OR DOES 1-10)

26. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 25.

27. In doing the acts complained of herein, Defendants JIMENEZ and/or DOES 1-10 and/or each of them, individually and/or while acting in concert with one another, did act under color of state law to deprive the decedent "JODY" MACK MILLER WOODFOX of certain constitutionally protected rights, including, but not limited to, the right not to be deprived of life or liberty without Due Process of Law; the right to be free from unreasonable searches and/or seizures; the right to continued familial relationship, association, comfort, society and affection of his mother and children; the right to be free from discrimination based on race, age and/or gender; and/or the right to Equal Protection of the Law.

28. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

29. As a result of the violation of the decedent's constitutional rights as alleged herein, decedent suffered injuries and damages, including, but not limited to the loss of the enjoyment of life; special damages, including, but not limited to, future income and wage loss;

COMPLAINT FOR DAMAGES

1  funeral and burial expenses; interference with his right to the familial association, society,

2  comfort and affection with the Plaintiffs and other general and special damages to be

3  determined according to proof.

4      30. Plaintiffs are informed and believe and thereon allege that the acts and/or

5  omissions of Defendants JIMENEZ and/or DOES 1-10 and/or each of them, were intentional,

6  malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the

7  rights of the decedent and/or Plaintiffs. Therefore, Plaintiffs pray for an award of punitive

8  damages in amounts to be determined according to proof.

9      31. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to

10  42 U.S.C. Sections 1983, 1988 and/or other applicable law.

11      WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(42 U.S.C. SECTION 1983)**
**(ALL PLAINTIFFS INDIVIDUALLY AGAINST**
**DEFENDANTS JIMENEZ AND/OR DOES 1-10)**

32. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 31.

33. In doing the acts complained of herein, Defendants JIMENEZ and/or DOES 1-10, individually and/or while acting in concert with one another, did act under color of state law to deprive the Plaintiffs, as alleged heretofore, of certain constitutionally protected rights, including, but not limited to, the right to continued familial association, society, comfort, affection, support and companionship of the decedent as guaranteed by the Fourteenth Amendment to the United States Constitution.

COMPLAINT FOR DAMAGES

1    34. As a result of the violation of the Plaintiffs' constitutional rights as alleged

2    herein, Plaintiffs suffered, and will continue to suffer in the future, injuries and damages,

3    including, but not limited to, loss of comfort, affection, society, support, companionship and

4    familial association of the decedent, pain, suffering and emotional distress, funeral and burial

5    expenses, loss of income and/or support, in amounts to be determined according to proof.

6    35. Plaintiffs are informed and believe and thereon allege that the acts and/or

7    omissions of Defendants JIMENEZ and/or DOES 1-10 and/or each of them, were intentional,

8    malicious, oppressive and/or done with a conscious, callous and/or reckless disregard for the

9    rights of the decedent and/or Plaintiffs. Therefore, Plaintiffs pray for an award of punitive

10   damages in amounts to be determined according to proof.

11   36. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to

12   42 U.S.C. Sections 1983, 1988 and/or other applicable law.

13   WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

14   **THIRD CLAIM FOR RELIEF**
**(42 U.S.C. SECTION 1983)**
15   **(ALL PLAINTIFFS AGAINST THE CITY OF OAKLAND, DOES 11-20)**

16   37. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through

17   36.

18   38. As against Defendants CITY OF OAKLAND and/or DOES 11-20, the

19   Plaintiffs, and each of them, allege that the violation of the constitutional rights of the Plaintiffs

20   and/or decedent as alleged heretofore were caused as a result of customs, policies and/or

21   practices of Defendants CITY OF OAKLAND and/or DOES 11-20 and/or each of them.

22

23                              COMPLAINT FOR DAMAGES

24
                                          10

1    39.  Plaintiffs are further informed and believe and thereon allege that prior to the

2    subject incident, Defendant CITY OF OAKLAND and/or DOES 11-20 and/or each of them,

3    were on actual notice of customs, policies, patterns and practices by members of the CITY OF

4    OAKLAND Police Department, including, but not limited to, policies which caused citizens to

5    subjected to unreasonable seizures, the use of excessive force, disparate and/or discriminatory

6    treatment based on race, gender and/or age.

7    40.  Plaintiffs are further informed and believe and thereon allege that despite said

8    notice, Defendants CITY OF OAKLAND and/or DOES 11-20 and/or each of them, failed to

9    take any or appropriate remedial action to prevent ongoing violations of the rights of citizens

10   by members of its police department to prevent ongoing incidents involving unreasonable

11   seizures, the use of excessive force and/or disparate and/or discriminatory treatment based on

12   age, race and/or gender.

13   41.  Plaintiffs are further informed and believe and thereon allege that Defendants

14   CITY OF OAKLAND and/or DOES 11-20 and/or each of them, knew and/or reasonably

15   should have known, that Defendants JIMENEZ and/or DOES 11-20 and/or each of them, had

16   engaged in prior misconduct, including, but not limited to, the use of excessive or unreasonable

17   force, the use of deadly force against an unarmed individual, unreasonable seizures, disparate

18   treatment of citizens based on race, age and/or gender, and/or other acts and/or omissions.

19   Nevertheless, Plaintiffs are informed and believe and thereon allege that Defendants CITY OF

20   OAKLAND and/or DOES 11-20 and/or each of them, failed to take any or appropriate

21   remedial action prior to the subject incident.

22

23                          COMPLAINT FOR DAMAGES

24
                                          11

1    42. Plaintiffs are further informed and believe and thereon allege that prior to the

2    subject incident, Defendants CITY OF OAKLAND and/or DOES 11-20, and/or each of them,

3    knew, and/or reasonably should have known, that Defendant JIMENEZ and/or DOES 1-10

4    and/or each of them, needed more and/or different training, supervision and/or discipline in the

5    use of force, including the use of deadly force, but failed to provide any or adequate training

6    supervision and/or discipline prior to the subject incident and/or were deliberately indifferent

7    to the need for more or different training, supervision, discipline and/or policies relating to the

8    use of force and/or the use of deadly force prior to the subject incident.

9    43. Plaintiffs are further informed and believe and thereon allege that Defendant

10   CITY OF OAKLAND and/or DOES 11-20 and/or each of them, ratified, approved and/or

11   condoned the violation of the constitutional rights of the Defendants and/or Plaintiffs as alleged

12   herein and, as of the date of this Complaint, have failed to take any remedial action as a result

13   of the shooting death of the decedent.

14   44. As a result of the aforesaid customs, policies, practices and/or ratification of

15   constitutional violations as alleged herein by Defendants CITY OF OAKLAND and/or DOES

16   11-20 and/or each of them, Plaintiffs and/or decedent suffered the violation of their

17   constitutional rights, including, but not limited to, the right to the right of the Plaintiffs and

18   decedent to the continued familial association, society, comfort, affection, support and

19   companionship between said Plaintiffs and decedent, the right to be free from unreasonable

20   seizures, the right to privacy and personal security, the right not to be deprived of life or liberty

21   without Due Process of Law and/or the Right to Equal Protection of the Law which are

22   guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

23                                         COMPLAINT FOR DAMAGES

24                                                        12

1    45. As a result of the violation of the Plaintiffs' constitutional rights as alleged

2    herein, Plaintiffs suffered, and will continue to suffer in the future, injuries and damages,

3    including general and special damages as more particularly described hereinabove and herein

4    below.

5    46. Plaintiffs are also entitled to recover their attorneys' fees and costs pursuant to

6    42 U.S.C. Sections 1983, 1988 and/or other applicable law.

7    WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

8    **FOURTH CLAIM FOR RELIEF**
     **(WRONGFUL DEATH)**
9    **(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

10   47. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through

11   46.

12   48. At all times mentioned in this Complaint, defendants, and each of them, had a

13   duty to use reasonable care to avoid causing foreseeable harm to decedent and to refrain from

14   committing intentional torts against decedent, "JODY" MACK MILLER WOODFOX.

15   49. Defendant HECTOR JIMENEZ and/or DOES 1-10 and/or each of them,

16   breached said duty while acting within the course and scope of his employment for defendant

17   CITY OF OAKLAND by negligently using excessive and deadly force against the decedent,

18   "JODY" MACK MILLER WOODFOX, causing decedent's death and/or by committing

19   intentional acts against decedent, "JODY" MACK MILLER WOODFOX, including, but not

20   limited to, by violating California Civil Code Sections 51.7 and/or 52.1.

21   50. Defendants CITY OF OAKLAND and/or DOES 11-20 and/or each of them,

22   breached their duty to use reasonable care by negligently hiring, training, retaining, supervising

23   COMPLAINT FOR DAMAGES

24

13

1  and disciplining defendant HECTOR JIMENEZ and/or DOES 1-10 and/ore each of them. In

2  doing the acts alleged herein, defendants CITY OF OAKLAND and/or DOES 11-20 and/or

3  each of them, caused and/or contributed to the cause of, decedent's death.

4      51.  Plaintiffs and/or each of them, were dependent upon decedent for financial

5  support, love, society, comfort, companionship and affection. As a result of the negligence

6  and/or intentional torts of defendants and/or each of them, said plaintiffs have, and/or will in

7  the future, suffer pecuniary damage in amounts to be determined according to proof.

8      52.  Plaintiffs are informed and believe and thereon allege that the acts and/or

9  omissions of defendant HECTOR JIMENEZ which caused the death of decedent were

10  intentional, malicious, oppressive, fraudulent and/or done with a conscious or reckless

11  disregard for the safety and life of the decedent.

12      53.  Pursuant to California Civil Code Sections 51.7, 52 and/or 52.1, Plaintiffs

13  and/or each of them, are entitled to an award of attorneys' fees, costs and/or statutory damages

14  in amounts to be determined according to proof.

15  WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

16  **COMPLIANCE WITH TORT CLAIM REQUIREMENT**

17      54.  Pursuant to the California Tort Claims Act, plaintiffs presented a timely Tort

18  Claim to the City of Oakland. Said Tort Claim was rejected by the City of Oakland.

19  **JURY TRIAL DEMAND**

20  55. Plaintiffs hereby demand a jury trial.

21

22

23  COMPLAINT FOR DAMAGES

24

14

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.    General damages in the amount of $10 million dollars or in an amount to be determined according to proof;

2.    Special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses, funeral and burial expenses and/or other special damages in amounts to be determined according to proof;

3.    Attorneys' fees pursuant to statutes;

4.    Costs of suit;

5.  Punitive and exemplary damages in amounts to be determined according to proof as to Defendants JIMENEZ and/or DOES 1-10, and/or each of them;

6.    For prejudgment interest as permitted by law;

7.    For such other and further relief as the Court may deem just and proper.


DATED:

August 21, 2008

JOHN L. BURRIS
Attorney for Plaintiffs

August 21, 2008

JAMES B. CHANIN
Attorney for Plaintiffs


COMPLAINT FOR DAMAGES