LAW OFFICES OF
# JAMES B. CHANIN
3050 SHATTUCK AVENUE
BERKELEY, CALIFORNIA 94705
(510) 848-4752
FAX (510) 848-5819

March 18, 2009

**VIA E-FILING AND CHAMBERS COPY**

The Honorable Bernard Zimmerman
Magistrate Judge of the United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA  94102

      Re:  *Woodfox, et al. v. City of Oakland, et al*.
      Case No. C08-04148 WHA (BZ)

Dear Judge Zimmerman:

      This office, along with the Law Offices of John L. Burris, represent the plaintiffs in the above-entitled action.

      Pursuant to the Court's Initial Discovery Order, plaintiffs' counsel are writing to request a telephone conference with the Court to move the Court for an Order to show cause for contempt and for an Order compelling the attendance of Antonio Zamora at a deposition in this action pursuant to F.R.C.P. 45(e).

      Plaintiffs' counsel met and conferred with Stephen Rowell and John Verber, counsel for defendants, City of Oakland and Hector Jimenez, respectively, before a Court reporter on March 18, 2009.  At that time, defendants' counsel indicated they had no objection to plaintiffs' counsel contacting the Court concerning this discovery issue.

**Brief Statement Regarding the Nature of the Case and Discovery Issue**

      This is a 42 U.S.C. Section 1983 action arising from an incident in which Oakland Police Officer, Hector Jimenez, shot and killed Plaintiffs' decedent, "Jody" Mack Miller Woodfox, on or about July 25, 2008.  Mr. Woodfox died from multiple gunshot wounds to his back and was unarmed at the time he was killed.  Antonio Zamora is a civilian percipient witness to the shooting incident.

      On February 26, 2009, plaintiffs' counsel noticed the deposition of Antonio Zamora for March 18, 2009, at 10:00 a.m.  Mr. Zamora was personally served with the subpoena for his deposition by plaintiffs' investigator, on February 28, 2009.  At the time Mr. Zamora was served with the subpoena, plaintiff's investigator explained to Mr. Zamora that he would be required to attend the deposition at the time, date and location indicated on the subpoena.

1

On March 17, 2009, plaintiff's investigator again spoke with Mr. Zamora to discuss his attendance at the deposition. At that time, Mr. Zamora agreed to attend the deposition and made arrangements with plaintiffs' investigator for transportation to the deposition at the Law Offices of John L. Burris in Oakland on the morning of March 18, 2009.

On the morning of March 18, 2009, plaintiff's investigator went to Mr. Zamora's home and made contact with him. At that time, Mr. Zamora advised plaintiffs' investigator that he would not appear for the deposition. Plaintiffs' investigator advised Mr. Zamora that he had been served with a valid subpoena and that he was required to obey the subpoena and appear for the deposition. The investigator again told Mr. Zamora that his failure to appear could be punished as contempt of court. Mr. Zamora, however, told plaintiffs' investigator that he would not appear for his deposition unless he was ordered to do so by the "police."

Plaintiffs' investigator contacted plaintiffs' counsel, James Chanin, to advise him that Mr. Zamora was refusing to attend the deposition. Mr. Chanin personally went to Mr. Zamora's residence on the morning of March 18, 2009, to speak with him about appearing at the deposition. Mr. Chanin spoke to Mr. Zamora through the door to his residence, since Mr. Zamora would not open the door to speak with Mr. Chanin and he would not answer his telephone. During this time, Mr. Chanin explained to Mr. Zamora that he was required to appear for his deposition and that if he did not attend, plaintiffs would be forced to move the Court for an Order of contempt and to compel his appearance at the deposition. Mr. Zamora, however, refused to comply with the subpoena and refused to appear for his deposition.

Therefore, pursuant to F.R.C.P. 45(e), plaintiffs respectfully move the Court for an Order to show cause for contempt and for an Order compelling Mr. Zamora's deposition on a date and time mutually convenient to counsel for plaintiffs and defendants.

Thank you for your consideration in this matter.

Respectfully submitted,

  /S/                                         /S/
John L. Burris                         James B. Chanin

**Plaintiffs are given leave of Court to move to hold Mr. Zamora in contempt under Rule 45(e). The motion shall be scheduled for May 20, 2009 at 10:00 a.m. andshall be personally served on Mr. Zamora.**

**Dated:  March 24, 2009**



2